

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ILONA EHRLICH**
*Assistant Corporation Counsel*
Phone: (212) 356-2549
Fax: (212) 356-2439
iehrlich@law.nyc.gov

September 26, 2024

Your Honor:

In accordance with the Your Honor's Mandatory Requirements for Initial Status Conference, (See ECF Dkt. No. 7), Counsel for the Parties exchanged communications, and submit the following joint letter:

1. **Nature of the Action and Principal Defenses**

    a. Plaintiff's Claim

    Plaintiff brings this action pursuant to the Free Exercise Clause of the First Amendment of the United States Constitution, the New York State Human Rights Law, and the New York City Human Rights Law against Defendants the Office of the Richmond County District Attorney, Michael McMahon, and the City of New York. See ECF Dkt. No. 1. Plaintiff alleges that Defendant discriminated against her religious beliefs and practices as a Born Again Christian and failed to provide her with a religious accommodation based on her religious observance, practice, and belief to be exempted from Defendant's COVID-19 vaccine requirement. She alleges that Defendant terminated her, causing her to suffer significant pecuniary losses, such as backpay, front pay, overtime, benefits, pension, in addition to significant emotional distress.

    i. Major Legal and Factual Issues According to the Plaintiff:

    - Whether Plaintiff's objection to receiving the COVID-19 vaccine, based on her religious opposition to abortion, which she believes is a sin against God and a violation of God's Commandments, constitutes a sincerely held religious belief under the Free Exercise Clause.
    - Whether Defendants can demonstrate that accommodating Plaintiff would cause an undue hardship where the City accommodated other City Workers, including employees of the other District Attorney offices throughout the City.
    - Whether the Defendants' actions and policies with regard to deciding Plaintiff's accommodation request are neutral where Defendants: denied the correctness and plausibility of Plaintiff's religious understandings, refused to recognize her faith as a

Born Again Christian as a religion, dismissed her religious beliefs about abortion as mere personal preferences, relied upon others' opinions about the vaccine, including the Roman Catholic Pope, and unilaterally decided no conflict existed between Plaintiff's religious beliefs and Defendant's Vaccine Mandate based on its own interpretation of what the tenets of her faith are.
- Whether the Defendants' actions and policies with regard to deciding Plaintiff's accommodation request are generally applicable where the Defendants had the discretion to provide exemptions to the Vaccine Mandate based on medical conditions and religious, moral, or ethical beliefs, and Defendants granted such exemptions, and where Defendants performed a subjective analysis of Plaintiff's conduct.
- Whether terminating Plaintiff was the least restrictive means of serving the Defendants' interests in the City Worker Vaccine Mandate, where others were permitted to remain working while engaging in weekly testing.

a. <u>Defendants' Principal Defenses</u>

Defendants' principle defenses are as follows: (1) Defendants engaged in an interactive process and a cooperative dialogue with Plaintiff prior to denying her requests for a medical and religious exemption from the citywide vaccine mandate; and (2) Defendants denied Plaintiff's requests for an exemption because Plaintiff failed to demonstrate that she had religious belief that conflicted with the vaccine, and failed to supply documents supporting her claim that she had a medical condition that precluded her from receiving the vaccine.

Defendants provided Plaintiff with numerous cooperative dialogue meetings and communications regarding her request for a medical and religious exemption. Moreover, Defendants even granted Plaintiff temporary accommodations to continue working while submitting to weekly testing during the pendency of her exemption requests. Defendants provided Plaintiff numerous opportunities to articulate and demonstrate that her religious beliefs prohibited her from receiving the COVID-19 vaccine and that she suffered from medical conditions that prohibited her from taking the COVID-19 vaccine. Defendants gave Plaintiff numerous opportunities to supply medical documentation showing she suffered from conditions that precluded her from receiving the vaccine, and even invited Plaintiff to submit additional documentation attesting to her religious beliefs and how they conflict with the vaccine mandate. However, Plaintiff failed to submit supporting documentation in support of either exemption request. Ultimately, Plaintiff's religious exemption request was premised on her own personal opinions and not on any religious beliefs.

Furthermore, Plaintiff's First Amendment claim alleging a violation of the Free Exercise Clause fails. As held by the well-established Second Circuit caselaw, the City's vaccine mandate are neutral and generally applicable. See <u>Kane v. De Blasio</u>, 19 F.4th 152, 166 (2d Cir. 2021) (holding that "[t]he Vaccine Mandate, in all its iterations, is neutral and generally applicable."); <u>Kane v. De Blasio</u>, Nos. 21 Civ. 7863, 21 Civ. 8773 (NRB), 2022 U.S. Dist. LEXIS 154260, at *20-28 (S.D.N.Y. Aug. 26, 2022) (rejecting the plaintiffs' Free Exercise Claim and holding that the DOE Vaccine Mandate is facially neutral and generally applicable and that the City had a rational basis for instituting the mandate).

The parties look forward to discussing this matter with Your Honor in more detail at the Initial Pretrial Conference.

Respectfully submitted,

| | |
|---|---|
| **THE LAW OFFICES OF CHRISTINA M. MARTINEZ,** *Attorneys for Plaintiff* | **MURIEL GOODE-TRUFANT** **Acting Corporation Counsel of the City of New York** *Attorneys for Defendants* |

By: /s/_____
  Christina Martinez
  Attorney for Plaintiff
  245 Bricktown Way, Suite J
  Staten Island, New York 10309
  ChristinaMartinezEsq@gmail.com

  James G. Mermigis
  Attorney for Plaintiff
  The Mermigis Law Group, P.C.
  85 Cold Spring Road, Suite 200
  Syosset, New York 11791
  James@MermigisLaw.com

By: /s/ _____
  Ilona J. Ehrlich, Esq.
  Assistant Corporation Counsel
  New York City Law Department
  Labor and Employment Law Division
  100 Church Street, 2-196
  New York, New York 10007
  T: (212) 356-2549
  iehrlich@law.nyc.gov