UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

Anita Hernandez,

                                    Plaintiff,            **ANSWER TO THE COMPLAINT**

            - against -

                                                         24-cv-05790 (BMC)

The Office of the Richmond County District Attorney,
Michael McMahon, and the City of New York,

                                    Defendants.

-------------------------------------------------------------------- X


        Defendants The Office of the Richmond County District Attorney, Michael McMahon, and the City of New York, by their attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, as and for their answer to the Complaint respectfully allege as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint.

        4.      Deny the allegations set forth in paragraph "4" of the Complaint.

        5.      Deny the allegations set forth in paragraph "5" of the Complaint.

        6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

        7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff was employed as a Detective Investigator at the Richmond County District Attorney's Office from July 2020 through April 7, 2022 and refer to the statutes cited therein for the contents thereof.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff was employed as a Detective Investigator at the Richmond County District Attorney's Office from July 2020 through April 7, 2022.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of allegations about Plaintiff's beliefs regarding all vaccines.

11. Admit the allegations set forth in paragraph "11" of the Complaint.

12. Admit the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that the City of New York is a municipal corporation pursuant to the laws of the State of New York.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except refer to the statutes cited therein for the contents thereof.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the City and the Richmond County District Attorney's Office employ more than 15 people.

16. Deny the allegations set forth in paragraph "16" of the Complaint, and respectfully refer to the statutes cited therein for the contents thereof.

17. Deny the allegations set forth in paragraph " 17" of the Complaint, except admit that Plaintiff seeks to invoke the jurisdiction of this Court.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiff seeks to venue this case in this Court.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff was employed as a Detective Investigator at the Richmond County District Attorney's Office from July 2020 through April 7, 2022.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of allegations about Plaintiff's beliefs regarding all vaccines.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that on October 20, 2021, the New York City Commissioner of Health and Mental Hygiene issued the City Worker COVID-19 Vaccine Mandate. https://www.nyc.gov/office-of-the-mayor/news/083-000/executive-order-83 (last accessed September, 2024).

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, except admit that prior to her employment, plaintiff had worked as a Detective at the New York City Police Department ("NYPD").

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiff was not disciplined while employed as a Detective Investigator for the Richmond County District Attorney's Office from July 2020 through April 7, 2022.

25. Admit the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except refer to the Executive Order referred to therein for the contents thereof.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that Plaintiff was hired in July 2020.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admit that Plaintiff worked as a Detective Investigator at the Richmond County District Attorney's Office from July 2020 through April 7, 2022.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Plaintiff was employed as a Detective Investigator at the Richmond County District Attorney's Office from July 2020 through April 7, 2022.

31.     Deny the allegations set forth in paragraph "31 " of the Complaint, except refer to  the email referred to therein for the contents thereof

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except refer to the Order referred to  therein for the contents thereof.

33.     Deny the allegations set forth in paragraph "33" of the Complaint, except refer to the Order referred to  therein for the contents thereof.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that a process was established for employees to seek reasonable accommodations.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Admit the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in Paragraph "37" of the Complaint, except refer to the policy referred to therein for the contents thereof.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, except refer to the policy referred to  therein for the contents thereof.

39.     Deny the allegations set forth in paragraph "39" of the Complaint, except refer to the policy referred to therein for the contents thereof.

40.     Deny the allegations set forth in Paragraph "40" of the Complaint, except refer to the policy referred to therein for the contents thereof.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint, except refer to the policy referred to therein for the contents thereof.

49.     Deny the allegations set forth in paragraph "49" of the Complaint, except refer to the email referred to therein for the contents thereof.

50.     Deny the allegations set forth in paragraph "50" of the Complaint, except refer to the Richmond County District Attorney's Office Equal Employment Opportunity Policy referred to therein for the contents thereof.

51.     Deny the allegations set forth in paragraph "51" of the Complaint, except refer to the  written request referred to therein for the contents thereof.

52.     Admit the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, except refer to the Reasonable Accommodation Request Form and letter referred to therein for the contents thereof.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint, except refer to the medical exemption request referred to therein for the contents thereof.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, except refer to the letter referred to therein for the contents thereof.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, except refer to the letter referred to therein for the contents thereof.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, except admit that on October 28, 2021, Plaintiff had a meeting with Monique Jones, Director of Operations at the Richmond County District Attorney's Office.

59.     Admit the allegations set forth in paragraph "59" of the Complaint.

60.     Admit the allegations set forth in paragraph "60" of the Complaint.

61.     Admit the allegations set forth in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint, except admit that Plaintiff and Ms. Jones spoke about Plaintiff's medical follow up.

64.     Deny the allegations set forth in paragraph "64" of the Complaint, except refer to the letter referred to therein for the contents thereof.

65.     Admit the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "66" of the Complaint, except admit that on December 2, 2021, Plaintiff met with Ms. Jones, and submitted a letter, and refer to the letter for the contents thereof.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, except admit that Plaintiff was placed on leave without pay ("LWOP") on December 8, 2021.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint, except refer to the policy referred to therein for the contents thereof.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint, except deny that Defendants caused Plaintiff emotional distress.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, except admit that Monique Jones-Hartwick informed Plaintiff she had to file a new request form for a medical accommodation and refer to the letter referred to therein for the contents thereof.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint, except refer to the letter referred to therein for the contents thereof.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that on February 3, 2022, Plaintiff met with Richmond County District Attorney's Office personnel.

77. Deny the allegations set forth in paragraph "77" of the Complaint, except refer to the email referred to therein for the contents thereof.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except refer to the email referred to therein for the contents thereof.

79. Admit the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint, except refer to the email referred to therein for the contents thereof.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint, except refer to Plaintiff's accommodation request referred to therein for the contents thereof.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Complaint, except deny that defendants caused plaintiff emotional distress.

99.     Deny the allegations set forth in paragraph "99" of the Complaint, except refer to the appeals referred to therein for the contents thereof.

100.    Admit the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint, except refer to the personal statement referred to therein for the contents thereof.

103.    Deny the allegations set forth in paragraph "103" of the Complaint, except refer to the personal statement referred to therein for the contents thereof.

104.    Deny the allegations set forth in paragraph "104" of the Complaint, except refer to the personal statement referred to therein for the contents thereof.

105.    Admit the allegations set forth in paragraph "105" of the Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Complaint.

107.     Deny the allegations set forth in paragraph "107" of the Complaint, except refer to the Department of Health's "COVID-19 Reinfection" page referred to therein for the contents thereof.

108.     Deny the allegations set forth in paragraph "108" of the Complaint.

109.     Deny the allegations set forth in paragraph "109" of the Complaint, except refer to the email referred to therein for the contents thereof.

110.     Deny the allegations set forth in paragraph "110" of the Complaint, except refer to the email referred to therein for the contents thereof.

111.     Deny the allegations set forth in paragraph "111" of the Complaint.

112.     Deny the allegations set forth in paragraph "112" of the Complaint.

113.     Deny the allegations set forth in paragraph "113" of the Complaint.

114.     Deny the allegations set forth in paragraph "114" of the Complaint.

115.     Deny the allegations set forth in paragraph "115" of the Complaint.

116.     Deny the allegations set forth in paragraph "116" of the Complaint.

117.     Deny the allegations set forth in paragraph "117" of the Complaint.

118.     Deny the allegations set forth in paragraph "118" of the Complaint.

119.     Deny the allegations set forth in paragraph "119" of the Complaint.

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121.     Deny the allegations set forth in paragraph "121" of the Complaint.

122.     Admit the allegations set forth in paragraph "122" of the Complaint.

123.     Admit the allegations set forth in paragraph "123" of the Complaint.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint, except deny that Defendants caused Plaintiff emotional distress.

125.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint.

127.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint.

128.     Deny the allegations set forth in paragraph "128" of the Complaint except refer to the Amended Vaccine Mandate referred to therein for the contents thereof.

129.     Deny the allegations set forth in paragraph "129" of the Complaint.

130.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint.

131.     Deny the allegations set forth in paragraph "131" of the Complaint.

132.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Complaint.

133.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint.

134.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Complaint.

135.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint.

136.   Deny the allegations set forth in paragraph "136" of the Complaint.

137.   Deny the allegations set forth in paragraph "137" of the Complaint, except refer to the Affirmation referred to therein for the contents thereof.

138.   Deny the allegations set forth in paragraph "138" of the Complaint.

139.   Deny the allegations set forth in paragraph "139" of the Complaint.

140.   Deny the allegations set forth in paragraph "140" of the Complaint.

141.   Deny the allegations set forth in paragraph "141" of the Complaint.

142.   Deny the allegations set forth in paragraph "142" of the Complaint.

143.   Deny the allegations set forth in paragraph "143" of the Complaint.

144.   Deny the allegations set forth in paragraph "144" of the Complaint.

145.   Deny the allegations set forth in paragraph "145" of the Complaint.

146.   Deny the allegations set forth in paragraph "146" of the Complaint.

147.   Deny the allegations set forth in paragraph "147" of the Complaint.

148.   Deny the allegations set forth in paragraph "148" of the Complaint.

149.   Deny the allegations set forth in paragraph "149" of the Complaint

150.   Deny the allegations set forth in paragraph "150 " of the Complaint.

151.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Complaint.

152.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Complaint.

153.   Deny the allegations set forth in paragraph "153 " of the Complaint.

154.   Deny the allegations set forth in paragraph "154" of the Complaint.

155.   Deny the allegations set forth in paragraph "155" of the Complaint.

156.     Deny the allegations set forth in paragraph "156" of the Complaint.

157.     Deny the allegations set forth in paragraph "157" of the Complaint, except refer to the case referred to therein for the contents thereof.

158.     Deny the allegations set forth in paragraph "158" of the Complaint.

159.     Deny the allegations set forth in paragraph "159" of the Complaint, except refer to the case referred to therein for the contents thereof.

160.     Deny the allegations set forth in paragraph "160" of the Complaint.

161.     Deny the allegations set forth in paragraph "161" of the Complaint.

162.     Deny the allegations set forth in paragraph "162" of the Complaint.

163.     Deny the allegations set forth in paragraph "163" of the Complaint.

164.     Deny the allegations set forth in paragraph "164" of the Complaint.

165.     Deny the allegations set forth in paragraph "165" of the Complaint.

166.     Deny the allegations set forth in paragraph "166" of the Complaint.

167.     Deny the allegations set forth in paragraph "167" of the Complaint.

168.     Deny the allegations set forth in paragraph "168" of the Complaint.

169.     Deny the allegations set forth in paragraph "169" of the Complaint, except refer to the Affirmation referred to therein for the contents thereof.

170.     Deny the allegations set forth in paragraph "170" of the Complaint, except refer to the Affirmation referred to therein for the contents thereof.

171.     Deny the allegations set forth in paragraph "171" of the Complaint.

172.     Deny the allegations set forth in paragraph "172" of the Complaint.

173.     Deny the allegations set forth in paragraph "173" of the Complaint.

174.     Deny the allegations set forth in paragraph "174" of the Complaint.

175.     Admit the allegations set forth in paragraph "175" of the Complaint.

176.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the Complaint.

177.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint.

178.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179.     Deny the allegations set forth in paragraph "179 " of the Complaint.

180.     Deny the allegations set forth in paragraph "180 " of the Complaint.

181.     Deny the allegations set forth in paragraph "181 " of the Complaint.

182.     Deny the allegations set forth in paragraph "182 " of the Complaint.

183.     Deny the allegations set forth in paragraph "183" of the Complaint

184.     In response to paragraph "184" of Complaint defendants repeat and reallege their responses to paragraphs 1 through 183 of the Complaint, as if fully set forth hereat.

185.     Deny the allegations set forth in paragraph "185" of the Complaint, except refer to the First Amendment to the United States Constitution for the contents thereof.

186.     Deny the allegations set forth in paragraph "186" of the Complaint, except refer to the case referred to therein for the contents thereof.

187.     Deny the allegations set forth in paragraph "187" of the Complaint.

188.     Deny the allegations set forth in paragraph "188" of the Complaint.

189.     Deny the allegations set forth in paragraph "189" of the Complaint.

190.     Deny the allegations set forth in paragraph "190" of the Complaint.

191.     Deny the allegations set forth in paragraph "191" of the Complaint.

192. Deny the allegations set forth in paragraph "192" of the Complaint.

193. Deny the allegations set forth in paragraph "193" of the Complaint.

194. Deny the allegations set forth in paragraph "194" of the Complaint.

195. Deny the allegations set forth in paragraph "195" of the Complaint.

196. Deny the allegations set forth in paragraph "196" of the Complaint.

197. Deny the allegations set forth in paragraph "197" of the Complaint.

198. Deny the allegations set forth in paragraph "198" of the Complaint.

199. Deny the allegations set forth in paragraph "199" of the Complaint.

200. Deny the allegations set forth in paragraph "200" of the Complaint.

201. Deny the allegations set forth in paragraph "201" of the Complaint, except refer to the testimony referred to therein for the contents thereof.

202. Admit the allegations set forth in paragraph "202" of the Complaint.

203. Deny the allegations set forth in paragraph "203" of the Complaint, except refer to the Order referred to therein for the contents thereof.

204. Deny the allegations set forth in paragraph "204" of the Complaint.

205. Deny the allegations set forth in paragraph "205" of the Complaint.

206. Deny the allegations set forth in paragraph "206" of the Complaint.

207. Deny the allegations set forth in paragraph "207" of the Complaint.

208. Deny the allegations set forth in paragraph "208" of the Complaint.

209. Deny the allegations set forth in paragraph "209" of the Complaint.

210. Deny the allegations set forth in paragraph "210" of the Complaint.

211. Deny the allegations set forth in paragraph "211" of the Complaint.

212. Deny the allegations set forth in paragraph "212" of the Complaint.

213.    Deny the allegations set forth in paragraph "213" of the Complaint.

214.    Deny the allegations set forth in paragraph "214" of the Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Complaint.

230.    Deny the allegations set forth in paragraph "230" of the Complaint.

231.    Deny the allegations set forth in paragraph "231" of the Complaint.

232.    Deny the allegations set forth in paragraph "232" of the Complaint.

233.    Deny the allegations set forth in paragraph "233" of the Complaint.

234.    Deny the allegations set forth in paragraph "234" of the Complaint.

235.    Deny the allegations set forth in paragraph "235" of the Complaint.

236. Deny the allegations set forth in paragraph "236" of the Complaint.

237. Deny the allegations set forth in paragraph "237" of the Complaint.

238. Deny the allegations set forth in paragraph "238" of the Complaint.

239. Deny the allegations set forth in paragraph "239" of the Complaint.

240. Deny the allegations set forth in paragraph "240" of the Complaint.

241. Deny the allegations set forth in paragraph "241" of the Complaint.

242. Deny the allegations set forth in paragraph "242" of the Complaint.

243. In response to paragraph "243" of Complaint, defendants repeat and reallege their responses to paragraphs 1 through 242 of the Complaint, as if fully set forth hereat.

244. Deny the allegations set forth in paragraph "244" of the Complaint, except refer to the NYCHRL referred to therein for the contents thereof.

245. Deny the allegations set forth in paragraph "245" of the Complaint, except refer to the NYCHRL referred to therein for the contents thereof.

246. Deny the allegations set forth in paragraph "246" of the Complaint, except admit that Plaintiff was employed as a Detective Investigator at the Richmond County District Attorney's Office from July 2020 through April 7, 2022.

247. Deny the allegations set forth in paragraph "247" of the Complaint except admit that Plaintiff was employed as a Detective Investigator at the Richmond County District Attorney's Office from July 2020 through April 7, 2022.

248. Deny the allegations set forth in paragraph "248" of the Complaint.

249. Deny the allegations set forth in paragraph "249" of the Complaint, except admit that plaintiff was required to receive the vaccine after her exemption requests were denied.

250. Deny the allegations set forth in paragraph "250" of the Complaint.

251. Deny the allegations set forth in paragraph "251" of the Complaint.

252. Admit the allegations set forth in paragraph "252" of the Complaint.

253. Deny the allegations set forth in paragraph "253" of the Complaint.

254. Deny the allegations set forth in paragraph "254" of the Complaint.

255. Deny the allegations set forth in paragraph "255" of the Complaint.

256. Deny the allegations set forth in paragraph "256" of the Complaint.

257. Deny the allegations set forth in paragraph "257" of the Complaint.

258. Deny the allegations set forth in paragraph "258" of the Complaint.

259. Deny the allegations set forth in paragraph "259" of the Complaint, except admit that Plaintiff was terminated on April 7, 2022 for failure to comply with the COVID-19 Vaccine Mandate.

260. Deny the allegations set forth in paragraph "260" of the Complaint.

261. Deny the allegations set forth in paragraph "261" of the Complaint.

262. Deny the allegations set forth in paragraph "262" of the Complaint.

263. Deny the allegations set forth in paragraph "263" of the Complaint.

264. Deny the allegations set forth in paragraph "264" of the Complaint.

265. Deny the allegations set forth in paragraph "265" of the Complaint.

266. Deny the allegations set forth in paragraph "266" of the Complaint.

267. Deny the allegations set forth in paragraph "267" of the Complaint.

268. Deny the allegations set forth in paragraph "268" of the Complaint.

269. Deny the allegations set forth in paragraph "269" of the Complaint.

270. Deny the allegations set forth in paragraph "270" of the Complaint.

271. Deny the allegations set forth in paragraph "271" of the Complaint.

272.    Deny the allegations set forth in paragraph "272" of the Complaint.

273.    Deny the allegations set forth in paragraph "273" of the Complaint.

274.    Deny the allegations set forth in paragraph "274" of the Complaint.

275.    Deny the allegations set forth in paragraph "275" of the Complaint.

276.    Deny the allegations set forth in paragraph "276" of the Complaint.

277.    Deny the allegations set forth in paragraph "277" of the Complaint.

278.    Deny the allegations set forth in paragraph "278" of the Complaint.

279.    Deny the allegations set forth in paragraph "279" of the Complaint.

280.    Deny the allegations set forth in paragraph "280" of the Complaint.

281.    Deny the allegations set forth in paragraph "281" of the Complaint.

282.    In response to paragraph "282" of Complaint, defendants repeat and reallege their responses to paragraphs 1 through 281 of the Complaint, as if fully set forth hereat.

283.    Deny the allegations set forth in paragraph "283" of the Complaint, except refer to the NYSHRL referred to therein for the contents thereof.

284.    Deny the allegations set forth in paragraph "284" of the Complaint, except refer to the NYSHRL referred to therein for the contents thereof.

285.    Deny the allegations set forth in paragraph "285" of the Complaint, except admit that Plaintiff was employed as a Detective Investigator at the Richmond County District Attorney's Office from July 2020 through April 7, 2022.

286.    Deny the allegations set forth in paragraph "286" of the Complaint, except admit that Plaintiff was employed as a Detective Investigator at the Richmond County District Attorney's Office from July 2020 through April 7, 2022.

287.    Deny the allegations set forth in paragraph "287" of the Complaint.

288.     Deny the allegations set forth in paragraph "288" of the Complaint, except admit that plaintiff was required to receive the vaccine after her exemption requests were denied.

289.     Deny the allegations set forth in paragraph "289" of the Complaint.

290.     Deny the allegations set forth in paragraph "290" of the Complaint.

291.     Deny the allegations set forth in paragraph "291" of the Complaint, except admit that Plaintiff's request for an exemption from the COVID-19 vaccination requirement was denied.

292.     Deny the allegations set forth in paragraph "292" of the Complaint.

293.     Deny the allegations set forth in paragraph "293" of the Complaint.

294.     Deny the allegations set forth in paragraph "294" of the Complaint.

295.     Deny the allegations set forth in paragraph "295" of the Complaint.

296.     Deny the allegations set forth in paragraph "296" of the Complaint.

297.     Deny the allegations set forth in paragraph "297" of the Complaint.

298.     Deny the allegations set forth in paragraph "298" of the Complaint.

299.     Deny the allegations set forth in paragraph "299" of the Complaint.

300.     Deny the allegations set forth in paragraph "300" of the Complaint.

301.     Deny the allegations set forth in paragraph "301" of the Complaint.

302.     Deny the allegations set forth in paragraph "302" of the Complaint.

303.     Deny the allegations set forth in paragraph "303" of the Complaint.

304.     Deny the allegations set forth in paragraph "304" of the Complaint.

305.     Deny the allegations set forth in paragraph "305" of the Complaint.

306.     Deny the allegations set forth in paragraph "306" of the Complaint.

307.     Deny the allegations set forth in paragraph "307" of the Complaint.

308.    Deny the allegations set forth in paragraph "308" of the Complaint.

309.    Deny the allegations set forth in paragraph "309" of the Complaint.

310.    Deny the allegations set forth in paragraph "310" of the Complaint.

311.    Deny the allegations set forth in paragraph "311" of the Complaint.

312.    Deny the allegations set forth in paragraph "312" of the Complaint.

313.    Deny the allegations set forth in paragraph "313" of the Complaint.

314.    Deny the allegations set forth in paragraph "314" of the Complaint.

315.    Deny the allegations set forth in paragraph "315" of the Complaint.

316.    Deny the allegations set forth in paragraph "316" of the Complaint.

317.    Deny the allegations set forth in paragraph "317" of the Complaint.

318.    Deny the allegations set forth in paragraph "318" of the Complaint.

319.    Deny the allegations set forth in paragraph "319" of the Complaint.

320.    Deny the allegations set forth in paragraph "320" of the Complaint.

321.    Deny the allegations set forth in paragraph "321" of the Complaint.

322.    Deny the allegations set forth in paragraph "322" of the Complaint.

323.    Deny the allegations set forth in paragraph "323" of the Complaint.

324.    Deny the allegations set forth in paragraph "324" of the Complaint.

325.    Deny the allegations set forth in paragraph "325" of the Complaint.

326.    Deny the allegations set forth in paragraph "326" of the Complaint.

327.    In response to paragraph "327" of Complaint, defendants repeat and reallege their responses to paragraphs 1 through 326 of the Complaint, as if fully set forth hereat.

328.    Deny the allegations set forth in paragraph "328" of the Complaint, except refer to the NYCHRL referred to therein for the contents thereof.

329.     Deny the allegations set forth in paragraph "329" of the Complaint, except refer to the NYCHRL referred to therein for the contents thereof.

330.     Deny the allegations set forth in paragraph "330" of the Complaint.

331.     Deny the allegations set forth in paragraph "331" of the Complaint.

332.     Deny the allegations set forth in paragraph "332" of the Complaint, except refer to the NYCHRL referred to therein for the contents thereof.

333.     Deny the allegations set forth in paragraph "333" of the Complaint.

334.     Deny the allegations set forth in paragraph "334" of the Complaint.

335.     Deny the allegations set forth in paragraph "335" of the Complaint.

336.     Deny the allegations set forth in paragraph "336" of the Complaint.

337.     Deny the allegations set forth in paragraph "337" of the Complaint.

338.     Deny the allegations set forth in paragraph "338" of the Complaint.

339.     Deny the allegations set forth in paragraph "339" of the Complaint.

340.     Deny the allegations set forth in paragraph "340" of the Complaint.

341.     Deny the allegations set forth in paragraph "341" of the Complaint.


## FOR A FIRST DEFENSE

The Complaint fails to state any claim upon which relief may be granted.

## FOR A SECOND DEFENSE

Defendants have not violated any rights, privileges or immunities of the Plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

## FOR A THIRD DEFENSE

All of the employment decisions taken with respect to Plaintiff were based on rational, legitimate, non-retaliatory, non-discriminatory business considerations.

## FOR A FOURTH DEFENSE

At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice and carried out in conformity with the Constitution and laws, Rules and Regulations and By-Laws of the State and City of New York and all applicable laws, by-laws, rules and regulations.

## FOR A FIFTH DEFENSE

The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## FOR A SIXTH DEFENSE

Plaintiff's requested accommodation would have caused undue hardship on Defendants and therefore her request for a reasonable accommodation was properly denied.

## FOR A SEVENTH DEFENSE

Under the CHRL, Plaintiff would not be able to perform the essential requisites of her job with or without an accommodation.

## FOR A EIGHTH DEFENSE

Plaintiff's claims may be barred by her failure to mitigate damages, in whole or in part.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Complaint be dismissed in its entirety, that the Court enter judgment for Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
            November 7, 2024

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 2-196
New York, N.Y. 10007-2601
(212) 356-2549

By: _Ilona J. Ehrlich_
Ilona J. Ehrlich
*Assistant Corporation Counsel*

To:    All Counsels of Record (By ECF)