```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
  ANITA HERNANDEZ,                                        :
                                                          :   ORDER
                                  Plaintiff,              :
                                                          :   24-cv-5790
              - against -                                 :
                                                          :
                                                          :
  THE OFFICE OF THE RICHMOND                              :
  COUNTY DISTRICT ATTORNEY,                               :
  MICHAEL MCMAHON, and CITY OF                            :
  NEW YORK,                                               :
                                                          :
                                  Defendants.             :
----------------------------------------------------------X
```

**COGAN**, District Judge.

The parties' motions [11] and [13] are granted in part and denied in part as follows.

First, unless she produces the entire family court file and all ACS records, plaintiff is precluded from claiming damages on the ground that the loss of her job contributed in any way to the loss of custody of her daughter; indeed, the loss of custody of plaintiff's daughter may not be mentioned during trial absent production of these records, whether in factual or expert testimony.

Second, the burden placed on other District Attorneys' offices in granting accommodations to the vaccine mandate is irrelevant to the burden placed on the RCDA, and so plaintiffs' request for discovery as to other District Attorneys' offices is denied. Such discovery will also not shed any light on the standards the RCDA applied in evaluating plaintiff's religious accommodation request. Looking at the practices of each District Attorney's office, which have different needs and resources, would create mini-trials of dubious relevance.

Third, complaints filed against the three Citywide Panel members who voted on plaintiff's appeal are unlikely to lead to admissible evidence. Anyone can complain about anything, which does not mean that any complaint has substance, and the amount of discovery to ascertain that would be disproportionate to the needs of this case. Defendants need only produce those complaints against the Citywide Panel members in which the Citywide Panel's determination to deny a reasonable accommodation request has been reversed in an Article 78 or other court proceeding.

Fourth, the parties shall produce all outstanding documents and serve any requests to admit or contention interrogatories by February 25, 2025. The parties shall complete all written discovery and depositions by March 27, 2025, the date that fact discovery closes. The parties shall complete expert discovery by May 26, 2025. The last day to file a letter requesting a premotion conference to file a dispositive motion shall be June 2, 2025.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
February 5, 2025