

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ILONA EHRLICH**
*Assistant Corporation Counsel*
Phone: (212) 356-2549
iehrlich@law.nyc.gov

February 19, 2025

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Anita Hernandez v. The Richmond County District Attorney, et al.</u>
            24-CV-05790 (BMC)

Dear District Judge Cogan:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants City of New York ("City"), the Richmond County District Attorney's ("RCDA") Office, and the RCDA Michael McMahon (collectively "Defendants") in the above-referenced matter.

      Plaintiff's Complaint alleges that Defendants wrongfully terminated her based on the denial of her request for a religious accommodation to the City's COVID-19 vaccine mandate. Plaintiff brings claims for an alleged violation of the Free Exercise Clause, a religious-based failure to accommodate under the New York City Human Rights Law and New York State Human Rights Law, and for failure to engage in a cooperative dialogue under the New York City Human Rights Law. <u>See</u> Complaint, ECF Dkt. No. 1.

      Defendants respectfully request that the Court partially reconsider a very limited portion of its discovery Order dated February 5, 2025 (ECF Dkt. No. 15) (the "Order" or "Discovery Order"). Indeed, the Court correctly held that Plaintiff must produce "the entire family court file and all ACS records," <u>See</u> Order at 1. Plaintiff had testified at her deposition that as a result of her termination, she suffered severe emotional damages, including panic attacks; she was forced to sell her home; she had to voluntarily surrender custody of her teenage daughter; and ACS conducted an investigation into allegations that Plaintiff physically abused her daughter.

The Order further directed that unless Plaintiff produces the entirety of the family court file and ACS records, she is "precluded from claiming damages on the ground that the loss of her job contributed in any way to the loss of custody of her daughter; indeed, the loss of custody of plaintiff's daughter may not be mentioned during trial absent production of these records, whether in factual or expert testimony." For the reasons set forth below, however, Defendants respectfully submit that this portion of the Order permits Plaintiff and her counsel unilaterally to choose not to produce such records, thereby prohibiting Defendants from accessing all discovery related to Defendants' ability to fully rebut Plaintiff's claim of severe emotional damages. The Order does not consider that should Plaintiff determine not to produce the entirety or even any portion of these records, Defendants will not be able to access such discovery, which Defendants may decide to use at trial to rebut Plaintiff's claims of severe emotional damages. For example, even if Plaintiff is precluded from claiming damages on the ground that the loss of her job contributed in any way to the loss of custody of her daughter, Defendants may still seek to introduce evidence and to argue at trial that Plaintiff's claim of severe emotional distress – including physical injuries in the form of panic attacks – was not proximately caused by the loss of her employment but instead was caused by the superseding factor of facing serious allegations of physical abuse and the loss of the custody of her daughter.

Accordingly, Defendants respectfully request that the Court reconsider this limited portion of its Order by directing that unless Plaintiff produce the entirety of the family court and ACS records, Plaintiff is precluded from claiming any emotional distress damages at trial; or, at the very least, she is limited to claiming only garden variety emotional damages and cannot claim any alleged physical injuries, including panic attacks, as the result of her termination.

### A. Legal Standard

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3. See Hertzner v. Henderson, 292 F.3d 302 (2d Cit. 2002). A motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." See In re Health Mgmt. Sys., Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. Sept. 20, 2000). The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d l2l,I32 (2d Cir. 1999) (citing McCarthy v. Manson, Tl4 F.2d 234,237 (2d Cir. 1983)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation Inc., 70 F.3d 255, 257 (2d Cir. 1995). The moving party must demonstrate "that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision," or that reconsideration would "correct a clear error or prevent manifest injustice." See Moss v. First Premier Bank, 2024 US Dist LEXIS 175427, at *1-2 (E.D.N.Y. Sep. 8, 2024, No. 13-cv-5438 (BMC)) (quoting In re N.Y. Cmty. Bancorp, Inc., Sec. Litig., 244 F.R.D. 156, 159 (E.D.N.Y. 2007).) This Court recently held that motions for reconsideration are "reserved for exceptional circumstances," and Defendants

respectfully submit that this is an exceptional circumstance that could result in prejudicial consequences at trial if not corrected. See Williams v. City of NY, 2023 US Dist LEXIS 176494, at *5 (EDNY Sep. 29, 2023, No. 22-cv-0836 (BMC)) (quoting Ojeda v. City of New York, No. 20-cv-3910, 2021 U.S. Dist. LEXIS 148060, 2021 WL 3472505, *1 (E.D.N.Y. Aug. 6, 2021).

### B. Defendants Respectfully Request That The Court Partially Reconsider a Limited Portion of Its Discovery Order

On February 5, 2025, this Court issued the Order granting in part and denying in part the parties' joint Letter Motion to Compel Discovery (Dkt. No. 13). Specifically the Court held:

> First, unless she produces the entire family court file and all ACS records, plaintiff is precluded from claiming damages on the ground that the loss of her job contributed in any way to the loss of custody of her daughter; indeed, the loss of custody of plaintiff's daughter may not be mentioned during trial absent production of these records, whether in factual or expert testimony.

Defendants respectfully submit that they should be able to obtain the relevant discovery here not only to rebut Plaintiff's claim that the loss of her job resulted in the loss of custody of her daughter; Defendants also should be able to rebut Plaintiff's claim of severe emotional damages, including panic attacks, and to introduce evidence of superseding factors that would undermine Plaintiff's claims of emotional distress damages. Based on the Order, if Plaintiff and her counsel choose not to produce the entire or even a portion of the relevant files, Defendants will not be able to obtain the discovery or to provide such discovery to their expert. As such, even if Plaintiff chooses not to produce the records and is precluded from arguing at trial that her termination resulted in the loss of custody of her daughter, Defendants will be prejudiced by not being able to obtain all the discovery necessary to argue that Plaintiff's severe emotional damages were not caused by her termination but were instead caused by superseding factors, including the loss of custody of her daughter and the ACS investigation.

Counsel for Plaintiff has indicated to the undersigned Defendants' counsel that her client would like to produce the entirety of the records at issue, but because Plaintiff's counsel has not seen such records herself as of yet as Plaintiff is currently in the process of obtaining them, counsel cannot commit to producing them to Defendants. As such, in the event that Plaintiff and her counsel decide to produce the entirety of the ACS and family court records at issue, the instant motion to reconsider would be rendered moot. However, in an abundance of caution, and to preserve the instant arguments as the deadline for any motion for reconsideration is today, Defendants respectfully submit the instant letter motion.

Accordingly, Defendants respectfully request that the Court partially reconsider this limited portion of the Discovery Order by directing that unless Plaintiff produce the entirety of the family court and ACS records, Plaintiff is precluded from claiming any emotional distress damages at trial; or, at the very least, she is limited to claiming only garden variety emotional damages and cannot claim any alleged physical injuries, including panic attacks, as the result of

her termination.

        Defendants thank the Court for its consideration of this matter.

                                              Respectfully submitted,

                                              /s/

                                              Ilona J. Ehrlich, Esq.
                                              Assistant Corporation Counsel

cc: All Attorneys of Record (By ECF)