

245 Bricktown Way, Suite J
Staten Island, New York 10309
ChristinaMartinezEsq@gmail.com
T: (347) 215-4543
F: (718) 556-2007
*Admitted in:*
*New York & New Jersey*

February 19, 2025

VIA ECF
Honorable Brian M.Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   ***Hernandez v. The Office of the Richmond County District Attorney, et. al.***
           **Case. No. 1:24-cv-5790 (BMC)**

Dear Judge Cogan:

Pursuant to Rule 6.3 of the Local Civil Rules, Plaintiff respectfully moves for reconsideration of the Court's February 5, 2025, Order (ECF No. 15) denying discovery into religious accommodations granted by other District Attorneys' Offices across New York City. Plaintiff moved to compel the Defendants to identify of all documents that track how many District Attorney employees across New York City were granted religious accommodations to the Vaccine Mandate (Interog No. 5), and all documents relating to the total number of religious and medical accommodations from the Vaccine Mandate granted to District Attorney employees across the City of New York (Doc. Request No. 37), as well as documents identifying the title and position of all RCDA and other District Attorney employees across New York City who were granted religious or medical accommodations to the Vaccine Mandate, and the specific accommodations granted (Document Requests 23-30). Specifically, Plaintiff seeks reconsideration of the Court's ruling that "[t]he burden placed on other District Attorneys' offices in granting accommodations to the vaccine mandate is irrelevant to the burden placed on the RCDA." (ECF No. 15 at 2). Reconsideration is warranted because the Court's holding overlooks controlling case law and misapprehends the nature of Defendants' asserted undue hardship defense, particularly as it pertains to health and safety concerns.

    **I.**     **The Court Overlooked That Defendants' Undue Hardship Defense is Premised on Safety, Making Comparator Evidence Relevant**

The Court's ruling that the burden placed on other District Attorneys' Offices is irrelevant ignores that Defendants' undue hardship defense is based on an alleged safety risk, not an office-specific operational burden. If the same employer (City of New York) and the same

1

decision-making body (Citywide Panel[1]) determined that accommodating employees in every other DA's Office did not pose a safety risk, then RCDA cannot plausibly claim that granting the same accommodation to Plaintiff would have created an undue hardship. The risk of COVID-19 transmission is not unique to Richmond County, and the feasibility of weekly testing as a safe accommodation has already been established as a City-wide policy across all City agencies. The City's written policy on the Vaccine mandate is attached as **Exhibit 2**. *See* p. 7 ¶ 14.

Defendants' undue hardship defense is based on alleged safety risks associated with accommodating Plaintiff's religious accommodation request. Given that safety is the asserted justification, the Court's exclusion of comparator evidence from other District Attorneys' Offices in neighboring counties overlooks the relevance of whether similarly situated employers in the same industry and geographical region can provide the requested accommodation without undue hardship.

The Second Circuit has held that the reasonableness of an accommodation and whether it imposes an undue hardship must be analyzed within the specific industry and geographical context in which the employer operates. *See Borkowski v. Valley Cent. Sch. Dist.,* 63 F.3d 131, 139 (2d Cir. 1995) ("[E]mployers must analyze the hardship sought to be imposed through the lens of the factors listed in the regulations, which include consideration of the industry to which the employer belongs as well as the individual characteristics of the particular defendant-employer.").

Here, the industry is law enforcement and prosecution, and the relevant geographical area is New York City, where all five District Attorneys' Offices operate under one Vaccine Mandate and Reasonable Accommodation policy. *See* Ex. 2. If the Manhattan, Bronx, Queens, and Brooklyn DA's Offices all determined that accommodating employees with weekly PCR testing did not pose an undue hardship, then the Richmond County DA's claim that it was uniquely unable to do so lacks credibility. A true and accurate copy of the Religious Accommodations granted by all city agencies including all DA's Offices provided by the City in a FOIL request is attached as **Exhibit 3**. As the Second Circuit emphasized in *Borkowski*, "the employer has far greater access to information than the typical plaintiff, both about its own organization and, equally importantly, about the practices and structure of the industry as a whole." *Id.* at 137. Plaintiff should not be forced to independently investigate accommodations granted by other DA's Offices when the Defendants already possess this data.

**II.     The Court's Holding Ignores That Undue Hardship Must Be Evaluated Within the Context of Feasibility**

The Richmond County District Attorney's Office ("RCDA") does not exist in a vacuum. All five District Attorneys' Offices in New York City operate under the same legal authority, are part of the same governmental structure, are subject to the same Vaccine Mandate and review process, and employ individuals who perform identical job duties. Plaintiff is not seeking

---

[1] A true and accurate copy of the Affirmation of Eric Eichenholtz is attached as **Exhibit 1**. Eichenholtz is the Chief Assistant Corporation Counsel for Employment Policy and Litigation within the NYC Office of the Corporation Counsel, ¶1, and explains that the City created the Citywide Panel to handle appeals by City employees. ¶ 4-6, 11.

2

discovery from unrelated agencies or private employers—she is seeking information from other District Attorneys' Offices that are functionally similarly situated to the RCDA in all relevant respects.
1. **Same Vaccine Mandate & Uniform Policies:** All District Attorneys' Offices were subject to the same **Citywide COVID-19 Vaccine Mandate** imposed by the City of New York. The City's own written policy on the Vaccine Mandate and Reasonable Accommodation Procedures – which applied to all District Attorney's Offices across the City – explicitly provided that **weekly PCR testing was an allowable accommodation that would not cause an undue hardship.** Ex 2, p. 7 ¶ 14.
2. **Same Employer (City of New York):** All employees in **every** DA's Office were employed by **the City of New York**, meaning the same governmental employer imposed the mandate and administered the accommodation process.
3. **Same Decision-Making Body (Citywide Panel):** The same Citywide Panel reviewed religious accommodation requests for all District Attorneys' Offices across the five boroughs. The Panel made uniform determinations based on the same criteria, yet RCDA was the only DA's Office that denied every religious accommodation request outright. Ex 1, p 2 ¶ 6. The feasibility of an accommodation cannot rationally differ when the exact same decision-making body approved accommodations for other DA employees.
4. **Same Industry, Same Job Duties, Same Union:** Plaintiff is a **Detective Investigator** employed in a District Attorney's Office, just like Detective Investigators in Manhattan, Queens, Brooklyn, and the Bronx. These employees are:
    - In the **same industry (law enforcement/investigations);**
    - Have the **same job duties (accompanying perpetrators to court, conducting investigations, interacting with the public);** and
    - Are represented by the **same union**, which recognizes that Detective Investigators across the five boroughs share identical job functions. *See* http://nycdia.com/who-we-are/

Thus, it is plainly relevant that every[2] other District Attorney's Office in New York City found it feasible to grant religious accommodations to similarly situated employees performing the same functions under the same mandate. Defendants cannot credibly claim an undue hardship when no other DA's Office—under identical circumstances—reached the same conclusion.

It is Defendants—not Plaintiff—who bear the burden of explaining why the RCDA alone refused to grant any religious accommodations when the same decision-making body permitted them for employees in other DA's Offices performing identical job duties. N.Y.C. Admin. Code § 8-107(3)(b). The undue hardship determination must be made in light of all relevant factors, and this plainly includes that the City deemed accommodation feasible for other DA employees across the five boroughs. *See 9 CRR-NY 466.11(b)(2)*, which defines undue hardship as "significant difficulty or expense to the employer" and states that "consideration will be given to any relevant factor, including … the type of operation the business is engaged in." *See also* N.Y.C. Admin. Code § 8-107(b)(iii) (considering the geographic separateness or administrative or fiscal relationship of facilities for an employer with multiple facilities). As every other DA's Office in New York City is employed by the City of New York, operates in the same industry,

---

[2] No religious accommodation requests were made by Bronx DA employees. Ex 3.

under the same legal mandates, and in the same geographical region, evidence of their ability to grant accommodations without hardship is directly relevant and must be considered.

### III. The Court's Concerns About "Mini-Trials" Are Unfounded

The Court expressed concern that allowing discovery into the practices of other DA's Offices would create "mini-trials of dubious relevance." (ECF No. 15 at 2). However, Plaintiff is not requesting individualized testimony from every other DA's Office but rather statistical data and information already maintained by the City. *See* Ex. 3. Defendants already possess this information and can produce it without any undue burden.

The City's undue hardship defense is nothing more than a litigation tactic with no basis in reality. The City's own written policy explicitly allowed weekly PCR testing as a reasonable accommodation, and this was routinely granted to firefighters, police officers, and even other District Attorney employees across New York City (for both religious and medical reasons). Ex. 3; A true and accurate copy of an affidavit from NYPD Sergeant granted a religious accommodation from the Citywide Panel is attached as **Exhibit 4**; a true and accurate copy of the Interrogatory responses from the City of New York stating that 6 FDNY firefighters were granted religious accommodations to the Vaccine Mandate is attached as **Exhibit 5** (see p. 8). The Plaintiff herself was granted the accommodation of weekly PCR testing for her medical condition as well as while her accommodation request and appeals were pending. Compl. ¶ 174-75. Neither the Richmond County District Attorney's Office nor the Citywide Panel cited undue hardship when denying Plaintiff's request—instead, their stated rationale was based entirely on her religious beliefs, not any alleged burden on operations or safety. Compl. ¶ 80. Now, in litigation, Defendants are attempting to rewrite history, fabricating an undue hardship argument to justify a discriminatory decision. Allowing the City to rely on this post-hoc excuse while simultaneously blocking Plaintiff from obtaining discovery to disprove it would be extremely prejudicial and fundamentally unfair.

### IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its denial of Plaintiff's discovery request regarding religious accommodations granted by other DA's Offices. Given that Defendants' undue hardship defense is based on safety, and that other DA's Offices in New York City were able to safely accommodate employees, this discovery is directly relevant and should be permitted

Thank you for the Court's consideration.

Respectfully submitted,

Christina Martinez, Esq.