SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------- x

In the Matter of the Application for Judgment Pursuant to
CPLR Article 78 of

MICHELLE LEE,

                                                        Petitioner,

                          -against-

FIRE DEPARTMENT OF THE CITY OF NEW YORK, and
CITY OF NEW YORK,

                                                     Respondents.
------------------------------------------------------------------------- X

AFFIRMATION OF
ERIC J. EICHENHOLTZ

Index No. 158850/2022

        **ERIC J. EICHENHOLTZ**, an attorney admitted to practice before the Courts of the State of New York, affirms, pursuant to the Civil Practice Law and Rules ("CPLR") and under penalty of perjury, that the following is true and correct:

        1.       I am the Chief Assistant Corporation Counsel for Employment Policy and Litigation within the New York City Office of the Corporation Counsel. I have held this position since October 2021 and have been acting as Managing Attorney since November 2022. In this capacity, I oversee multiple divisions, including the Law Department's Labor and Employment Law, Affirmative Litigation, Worker's Compensation and E-Discovery Divisions. I also provide legal advice and counsel to City agencies and officials in employment matters. I previously served as the Chief of the Labor and Employment Law Division within the Office of the Corporation Counsel from February 2013 through October 2021. As Chief of the Labor and Employment Law Division I oversaw all litigation brought against the City arising out of the City's role as an employer.

2.      This Affirmation is based on my own personal knowledge, as well as the books and records of the City of New York, and statements made to me by other employees of the City of New York. I submit this Affirmation in opposition to Petitioner's Verified Petition.

**Background Information on the Citywide Panel**

3.      On October 20, 2021, the then-Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH") Dave A. Chokshi, M.D., issued an order requiring all City employees to show proof of at least one dose of a vaccination against COVID-19 by 5:00 p.m. on October 29, 2021 (the "City Order").

4.      In response to the City Order, the City established additional procedures specific to requests for vaccination-related accommodations in an effort to address the anticipated increase in accommodation requests that would be made by City employees. These procedures specified that an accommodation request was to be submitted by an employee to their agency's EEO Officer on or before October 27, 2021. Any employee who is denied an accommodation by their agency has the right to appeal that denial to the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel").

5.      The Citywide Panel was created specifically in response to the City Order to consider appeals filed by employees whose accommodation requests had been denied by their respective agency.

6.      The purpose of the Citywide Panel is to ensure that employees who are denied an accommodation can have their appeals heard and considered consistent with the standards established by the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law, and the New York City Human Rights Law. The Citywide Panel evaluates appeals under the standards set by those laws

and consistent with the guidance issued by the U.S. Equal Employment Opportunity Commission ("EEOC") to assist employers in implementing COVID-19 related strategies compliant with Title VII and the ADA. This EEOC guidance specifically addresses accommodation requests made in response to an employer-issued vaccine mandate.

7. The Citywide Panel is comprised of representatives from the Office of the Corporation Counsel ("Law Department"), the New York City Department of Citywide Administrative Services ("DCAS"), the New York City Department of Health and Mental Hygiene ("DOHMH") and the City Commission on Human Rights ("CCHR"). The composition of the Citywide Panel was specifically designed to utilize the extensive subject matter expertise and knowledge-base of individuals employed at these City agencies with respect to medical and religious accommodation requests.

8. Furthermore, in order to tailor the Citywide Panel to best evaluate accommodation requests, the composition of the Citywide Panel that considers a particular request changes depending on the nature of the request. When the appeal concerns a request for a medical accommodation, the Law Department, DCAS and DOHMH panel members consider the appeal. If the appeal concerns a request for an accommodation based on a religious need, the Law Department, DCAS and CCHR consider the appeal.

9. Each case is reviewed by three Panel members (one Panel member from each applicable agency). As detailed below, following a thorough review of the appeal, each Panel member exercises their agency's vote on the Citywide Appeal for that particular appeal. Each agency may vote to affirm the denial of the accommodation or to reverse the agency decision and grant the accommodation. When there is disagreement amongst the three agencies concerning the outcome, the majority rules.

10. Each agency separately reviews each request, although the Panel members can confer if they deem it necessary. Once all three agencies have voted, either myself or the General Counsel of DCAS, Sanford Cohen, will perform a final review of the case for quality assurance purposes and finalize the case. Once the case is finalized, the agency and employee are notified of the appeals panel decision.

11. Prior to reaching the appellate level, with respect to agency-level denials, all City employees who are denied a vaccine mandate accommodation by their agency are provided with written information on the appeals process, including a link to the City's online appeals request portal: www.nyc.gov/vaxappeal. An employee may submit an appeal via the online review request portal, which will automatically notify their agency EEO Officer of the appeal. Upon notification of the appeal, the agency's EEO Office will upload all records concerning the agency's denial of the reasonable accommodation request within one business day.

12. Once the Citywide Panel is in receipt of an appeal, it is reviewed to determine whether supplemental information is necessary from either the agency or the employee in order to make a determination on the appeal. If such information is necessary, the Panel makes that request to the agency, the employee or both.

13. The applicable panel members then review all the materials provided by the agency and the employee. In so reviewing, the Panel utilizes the below-described standards which comport with city, state and federal law.

14. With respect to religious accommodation requests, Title VII requires employers to accommodate only those religious beliefs that are "sincerely held" and directly conflict with the City Order. In accordance with EEOC guidance, employers may request that an employee explain the religious nature of their belief and the Citywide Panel and/or a City agency

may therefore make this request of an employee. Additionally, if the City has an objective basis for questioning either the religious nature or the sincerity of a particular belief or practice, the City is justified in seeking additional supporting information. The Citywide Panel also relies upon the EEOC's guidance with respect to evaluating those "factors that – either alone or in combination – might undermine an employee's assertion that he sincerely holds the religious belief at issue [which] include: whether the employee has behaved in a manner markedly inconsistent with the professed belief; whether the accommodation sought is a particularly desirable benefit that is likely to be sought for secular reasons; whether the timing of the request renders it suspect (e.g., it follows an earlier request by the employee for the same benefit for secular reasons); and whether the employer otherwise has reason to believe the accommodation is not sought for religious reasons." See e.g., https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination#_ftnref18.

15. Importantly, the Panel must also consider whether the employee's religious belief, in fact, conflicts with the COVID-19 vaccine mandate. This issue often arises when the religious accommodation request is based on a belief that could prevent the use of any product that contain cells of aborted fetuses or fetal cells. If the employee has established a sincerely held religious belief, the Citywide Panel will then review whether the record supports the assertion that the taking of a COVID-19 vaccine conflicts with that sincerely held religious belief as it is practiced by the employee. If there is no factual support for that assertion, or if the belief as the employee describes it does not present a conflict in fact, there would likely not be a basis for a reasonable accommodation.

16. The Citywide Panel also considers whether the requested religious accommodation presents an undue hardship on City operations. EEOC guidance provides that

requiring an employer to bear more than a "de minimis," or a minimal, cost to accommodate an employee's religious belief is an undue hardship.

17. Finally, as to religious accommodations, it is important to note that Title VII and other anti-discrimination laws do not protect social, political, or economic views, or personal preferences. As per the EEOC's Guidance, "objections to COVID-19 vaccination that are based on social, political, or personal preferences, or on nonreligious concerns about the possible effects of the vaccine, do not qualify as 'religious beliefs' under Title VII." The Citywide Panel will review the record in order to determine whether the source of the employee's objection to vaccination is religious in nature or, in contrast, arises from personal or other non-religious preferences.

18. It is with these guiding principles in mind that the Citywide Panel considers each and every appeal put before it. Once the panel members have had sufficient time to review all materials provided, each agency votes as to whether to affirm the denial or grant the requested accommodation.

19. Prior to voting on an appeal, any Citywide Panel member may request that the request be remanded back to the agency. This request is not subject to a vote. Any request by a Panel member for a remand results in a request being sent to the agency for further review or continued cooperative dialogue at the agency level. A Panel member may remand back to the agency in advance of a vote for a multitude of reasons, including because: (1) information is missing from the record on appeal; (2) the agency appeared to have overlooked information that had been previously submitted; (3) the employee raised a new matter for the first time on appeal that merits agency review; or (4) the Panel member believes additional cooperative dialogue between the agency and employee is needed to better understand the employee's request. Again,

these remands are designed to ensure that the employee's request for an accommodation is accorded all reasoned consideration and attention under the circumstances.

20. In the event an appeal is granted, the employee and the agency are promptly notified of that decision and the agency is instructed to implement the accommodation. When an appeal is granted, the agency and the employee are not provided with a written justification for why the appeal was granted.

21. In the event an appeal is denied, the employee is notified in writing of that decision. The decision issued by the Citywide Panel does not provide a detailed justification as to the reasons for the denial. This comports with applicable local, state and federal law which does not require an employer to provide an employee with a written justification as to why the accommodation was denied. See N.Y.C. Admin. Code § 8-107(28)(d) ("Upon reaching a final determination at the conclusion of a cooperative dialogue pursuant to paragraphs (a) and (c) of this subdivision, the covered entity shall provide any person requesting an accommodation who participated in the cooperative dialogue with a written final determination identifying any accommodation granted or denied.").

22. The above-described process is uniform for all City agencies and employees, including FDNY employees.

### Petitioner's Appeal to the Citywide Panel

23. On October 26, 2021, Petitioner submitted her Request for a Reasonable Accommodation for Religious Observances, Practices, or Beliefs ("Vaccine Exemption Request"). In her Vaccine Exemption Request, Petitioner requested to be exempt from the City Order due to her religious beliefs.

24. In support of her Vaccine Exemption Request, Petitioner, who stated that she identifies as a Messianist, submitted a personal statement and a letter from Reverend Jerome Williams.

25. On December 30, 2021, the FDNY denied Petitioner's Vaccine Exemption Request. Petitioner was advised in writing by the FDNY that her request for a religious exemption to the City Order was denied because "[t]he asserted religious basis for the accommodation is insufficient to grant the requested accommodation in light of the potential undue hardship to the Department. Given the state of the public health emergency, the nature of the Department's life-saving mission, and the threat to the safety and health of Department members and the members of the public that Department members regularly interact with, the requested accommodation cannot be granted."

26. Petitioner appealed the FDNY denial on January 4, 2022. In support of her appeal, Petitioner submitted a self-authored letter.

27. In her appeal, Petitioner did not reiterate or expand upon her professed religious beliefs or how they may conflict with the City Order. Rather, Petitioner claimed that she "did not submit a *request* for an accommodation, [she] submitted a *notice* to the FDNY of [her] religious exemption with identified suggestions for the accommodation that [she] believe[s] would resolve this conflict." See Petitioner's Appeal to the Citywide Panel, annexed to Respondents' Verified Answer as Exhibit 3. Petitioner stated that her requested accommodation does "not pose an undue hardship on the [FDNY] and thus, as required by law, should be accommodated." Id. Petitioner admits that she is "an essential worker who is serving the city in a capacity which has been classified as critically importation to the operation of [the FDNY's] workplace," but then states that, in her own opinion, and without providing support, her "physical presence is not

critical." Id. Petitioner argued in her appeal that the law requires her to be allowed to work remotely or be allowed to work in the office while unvaccinated. See id.

28. After a thorough review of all the documentation provided by both Petitioner and the FDNY, the Panel unanimously voted to affirm the denial of the reasonable accommodation request.

29. The Panel voted to affirm the denial of the reasonable accommodation for substantially the same reason as indicated in the FDNY's December 30, 2021 letter. The requested reasonable accommodation presented an undue hardship on the FDNY. In this regard, the Panel was mindful that the FDNY was to consider both Petitioner's individual work circumstances and her role within the FDNY as well as the cumulative effect that any accommodation, if granted, would have on the ability of the FDNY to operate under the criteria set forth by federal, state, and local laws.

30. To this end, the Panel understands that hundreds of other FDNY employees had sought a similar accommodation and that fact, combined with the importance of having personnel available to perform critical first responder services, weighed heavily in favor of a finding of undue hardship because of the number of employees who are seeking a similar accommodation, i.e., the cumulative cost or burden on the employer.[1]

---

[1] See U.S. Equal Emp't Opportunity Comm'n, What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws (last updated July 12, 2022), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L. CCHR guidance likewise allows for denial on undue burden grounds in these circumstances, stating "[w]ith respect to religion, the NYCHRL defines an undue hardship as 'an accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or a violation of a bona fide seniority system).'" See N.Y.C. Comm'n on Hum. Rts., COVID-19 & Employment Protections (last updated Nov. 1, 2021), https://www.nyc.gov/site/cchr/community/covid-employment.page. In this regard, the CHRL itself notes that "The number of individuals who will need the particular accommodation to a sincerely held religious observance or practice" is a key factor. Id.

31. Thus, on June 6, 2022, the Citywide Panel denied Petitioner's appeal and affirmed the FDNY's denial of Petitioner's reasonable accommodation request because Petitioner's appeal "Does Not Meet Criteria." This categorization is used by the Panel on occasions when the Panel affirms the agency's determination that the employee failed to establish entitlement to a reasonable accommodation under the applicable legal standards. As noted in paragraph "29" above, in this case that reason was that granting Petitioner an exemption to the City Order would have been an undue hardship on the FDNY.

Dated:    New York, New York
          December 22, 2022

                                                    _____
                                                    ERIC J. EICHENHOLTZ