UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAVIER VASQUEZ,

                                                                             Plaintiff,

               -against-

CITY OF NEW YORK,

                                                                             Defendant.

------------------------------------------------------------------------ x

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

22-CV-05069 (HG) (VMS)

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, ("FRCP"), and the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, Defendant by and through its attorney, Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, respond and object to Plaintiff's First Set of Interrogatories as follows:

## GENERAL STATEMENTS AND OBJECTIONS

        1.      By responding to any request, Defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.      Pursuant to Federal Rule of Evidence 502, inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its

subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. Defendant objects in the entirety to these requests to the extent any request is not limited in time.

4. By responding to these requests, Defendant does not concede that any of their responses are relevant or admissible. Defendant reserves the right to object on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of these responses for any purpose, in whole or in part, in this action, or in any other action.

5. Defendant objects to Plaintiff's Instructions and Definitions in his First Set of Interrogatories to the extent that they exceed the scope of or seek to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court and/or are unduly burdensome, duplicative, overly broad, incapable of reasonable response, seek information that is neither relevant to Plaintiff's claims nor proportional to the needs of this case.

6. Defendant's objections to any particular discovery request should not be construed to mean that information or a document or documents responsive to such request exists. Similarly, the statement that Defendant will undertake to search for information or documents in response to a particular request should not be construed to mean that documents or information of a type or in a category described in the request in fact exists. Furthermore, the production of any documents or information that is otherwise subject to an objection is not a waiver of any objection as to any other information or document not produced.

7. Defendant objects in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York in this action.

8. These general statements and objections apply to all of Plaintiff's requests, in addition to Defendant's specific objections responses and objections, and are incorporated by reference into each and every response set forth below.

9. All references to the "City" are to the City of New York and to "FDNY" are to the Fire Department of the City of New York.

10. All references to the "Vaccine Mandate" are to the requirement imposed by the City of New York in Mayoral Executive Order 78 dated August 31, 2021 requiring each employee of a Mayoral agency to be vaccinated against the Covid-19 virus by September 13, 2021.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons with knowledge or information related to the denial of Plaintiff's religious accommodation request to the Vaccine Mandate, and detail what information such persons have.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to Interrogatory No. 1 on the grounds that it is vague and ambiguous with respect to the phrases "knowledge or information related" and "all persons," that it is overly broad, seeks information that may not be relevant to plaintiff's remaining claims and is disproportionate to the needs of this case. Consistent with, and without waiving any of the above general or specific objections, and construing this request as seeking the identification of City employees who communicated with Plaintiff in connection with his request for a reasonable accommodation exempting him from the Vaccine Mandate on religious grounds, Defendant refers

3

Plaintiff, pursuant to FRCP 33(d), to the following documents which were produced with Defendant's FRCP 26(a)(1)(A) Initial Disclosures that may contain information responsive to this request:

- A copy of the email to Plaintiff with the denial of Plaintiff's religious accommodation request, dated October 6, 2021, bearing Bates Stamp Nos. "DEF 000032" through "DEF 000033".
- A copy of the October 24, 2021 email from the FDNY Equal Employment Opportunity ("EEO") Office requesting more information to support Plaintiff's accommodation request, bearing Bates Stamp Nos. "DEF 000058" through "DEF 000059".
- A copy of the FDNY EEO Office denial of Plaintiff's appeal, dated December 13, 2021, bearing Bates Stamp Nos. "DEF 000065" through "DEF 000066".
- A copy of the FDNY's email providing supplement information for the basis of the denial, dated January 5, 2022, bearing Bates Stamp No. "DEF 000067".
- A copy of the Citywide Panel's case history report, bearing Bates Stamp No. "DEF 000068".
- A copy of the Citywide Panel's denial of Plaintiff's accommodation request appeal, dated July 11, 2022, bearing Bates Stamp No. "DEF 000069".

**INTERROGATORY NO. 2:**

Identify any and all individuals involved in the review, evaluation, and determination of Plaintiff's reasonable accommodation request to the Vaccine Mandate, from the FDNY, the Citywide Panel, and any other entities, clearly delineating the roles of each individual, including their titles, positions, job descriptions, experience handling reasonable accommodation requests, and training or education related to handling reasonable accommodation requests.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to Interrogatory No. 2 on the grounds that it is vague and ambiguous with respect to the phrase "any and all individuals involved in the review, evaluation, and determination of Plaintiff's reasonable accommodation request to the Vaccine Mandate", seeks information better obtained through depositions, and is duplicative of prior interrogatories

and document request, including Interrogatory No. 1. Consistent with, and without waiving any of the above general or specific objections, Defendant refers Plaintiff to its response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Identify any documents related to the standards, criteria, or guidelines on how to decide on religious accommodation requests to the Vaccine Mandate that any individuals involved in the review, evaluation, and determination of Plaintiff's reasonable accommodation to the Vaccine Mandate, were provided or instructed to review to make such determination.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous with respect to the phrase "any documents related to the standards, criteria, or guidelines on how to decide on religious accommodation requests to the Vaccine Mandate" and "any individuals involved in the review, evaluation, and determination of Plaintiff's reasonable accommodation to the Vaccine Mandate," that it assumes facts not admitted, seeks information that may not be relevant to Plaintiff's remaining claims and is disproportionate to the needs of this case. Consistent with and without waiving the foregoing general and specific objections, and construing this request as seeking the identification of documents issued by FDNY and DCAS regarding the implementation of the Vaccine Mandate, Defendant, pursuant to FRCP 33(d), refers Plaintiff to the following: copy of the City's Frequently Asked Questions ("FAQs") to address employee concerns regarding the vaccination mandate from October 2021, bearing Bates Stamp Nos. "DEF 000009" through "DEF 000022"; copy of the DCAS issued guidance in connection with the City Order, entitled "Applying for a Reasonable Accommodation from the Covid-19 Vaccine Mandate" and dated October 28, 2021, bearing Bates Stamp Nos. "DEF 000023" through "DEF 000025"; copy of FDNY's Employee Disability Reasonable Accommodation Policy,

bearing Bates Stamp Nos. "DEF 000095" through "DEF 000100"; FDNY's Equal Employment Opportunity Policy, bearing Bates Stamp Nos. "DEF 000101" through "DEF 000140", which were produced with Defendant's FRCP 26(a)(1)(A) Initial Disclosures and contain information responsive to this request. Defendant further refers Plaintiff, pursuant to FRCP 33(d), to the following:

- NYC DCAS Memorandum re: Reasonable Accommodation Procedural Guidelines and Brochure, dated December 31, 2021, bearing Bates Stamp Nos. "DEF 000141"
- NYC DCAS City of New York Reasonable Accommodation Process Brochure Digital, bearing Bates Stamp Nos. "DEF 000142" through "DEF 000145".
- NYC DCAS 2021 Reasonable Accommodation Procedural Guidelines, bearing Bates Stamp Nos. "DEF 000146" through "DEF 000187".
- NYC DCAS City of New York Reasonable Accommodation Process Brochure Print, bearing Bates Stamp Nos. "DEF 000188" through "DEF 000189".
- NYC DCAS Presentation dated January 31, 2022, bearing Bates Stamp Nos. "DEF 000190" through "DEF 00198".
- Copy of Email from Citywide Equity & Inclusion to EEO Officers re: Additional Guidance for Agencies – Vaccine Mandate, dated February 2, 2022, bearing Bates Stamp Nos. "DEF 000199" through "DEF 000201".
- NYC DCAS Memorandum re: Employee Compliance with the Vaccine Mandate, dated February 10, 2022, bearing Bates Stamps No. "DEF 000202".
- FAQ on New York City Employees Vaccine Mandate, dated March 11, 2022, bearing Bates Stamp Nos. "DEF 000203" through "DEF 000218".
- NYC DCAS Reasonable Accommodations at a Glance, bearing Bates Stamp Nos. "DEF 000219".
- EEOC Guidance, "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws", publicly available at: https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws

**INTERROGATORY NO. 4:**

Identify any communications any of the individuals involved in the review, evaluation, and determination of Plaintiff's reasonable accommodation to the Vaccine Mandate had regarding Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous with respect to the phrase "any communications" and "any individuals", and "involved in the review, evaluation, and determination of Plaintiff's [request for a] reasonable accommodation to the Vaccine Mandate," seeks information that may not be relevant to plaintiff's remaining claims and is disproportionate to the needs of this case and seeks the identification of documents, which if produced, are protected by privilege, including, but not limited to the attorney-client, work-product, or deliberative process privilege, or which constitute materials prepared for litigation purposes. Consistent with and without waiving the foregoing general and specific objections and construing this request as seeking non-privileged communications between individuals at FDNY who evaluated Plaintiff's reasonable accommodation request to the Vaccine Mandate, Defendant states it is still searching for electronically stored information (ESI) that may be responsive to this request.

**INTERROGATORY NO. 5:**

Identify how many FDNY employees were granted religious accommodations to the Vaccine Mandate from the FDNY and delineate civil service title, work location, and current work status at the time the employee was granted such religious accommodation, and what accommodation was provided to each employee.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to Interrogatory No. 5 on the grounds that it is overbroad with respect to scope, seeks information, which if produced, could constitute an unwarranted invasion of the personal privacy of nonparties to this action, is unduly burdensome and neither relevant to Plaintiff's remaining claims nor proportionate to the needs of this case. Consistent with and without waiving any of the aforementioned general and specific objections and construing this

7

request as seeking the number of firefighters employed with the FDNY who were granted reasonable accommodations exempting them from the Vaccine Mandate on religious grounds, Defendant states that six firefighters employed with the FDNY who were granted reasonable accommodations exempting them from the Vaccine Mandate on religious grounds.

**INTERROGATORY NO. 6:**

Identify how many FDNY employees were granted religious accommodations to the Vaccine Mandate from the Citywide Panel and delineate civil service title, work location, and current work status at the time the employee was granted such religious accommodation, as well as what accommodation was provided to each employee.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to Interrogatory No. 6 on the grounds that it is overbroad with respect to scope, seeks information, which if produced, could constitute an unwarranted invasion of the personal privacy of nonparties to this action, is unduly burdensome and neither relevant to Plaintiff's remaining claims nor proportionate to the needs of this case. Consistent with and without waiving any of the aforementioned general and specific objections and construing this request as seeking the number of firefighters employed with the FDNY whose denials were reversed by the Citywide Panel, Defendant states it is searching for information responsive to this request and will produce responsive information, if it exists.

**INTERROGATORY NO. 7:**

Identify how many FDNY employees were granted medical accommodations to the Vaccine Mandate from the FDNY and delineate civil service title, work location, and current work status at the time the employee was granted such medical accommodation, and what accommodation was provided to each employee.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to Interrogatory No. 7 on the grounds that it is overbroad with respect to scope, seeks information, which if produced, could constitute an unwarranted waiver to the personal privacy of nonparties to this action, is unduly burdensome and disproportionate to the needs of this case, and seeks information which is not relevant to Plaintiff's remaining claim of failure to accommodate his religious beliefs in this action. Consistent with and without waiving the foregoing objections, Defendant is withholding responsive information to this interrogatory.

**INTERROGATORY NO. 8:**

Identify how many FDNY employees were granted medical accommodations to the Vaccine Mandate from the Citywide Panel and delineate civil service title, work location, and current work status at the time the employee was granted such medical accommodation, as well as what accommodation was provided to each employee.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

See response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

Identify the standards, criteria, guidance, factors, or any other instructions provided to or used by Citywide Panel reviewers and decision-makers for making determinations on religious accommodation requests to the Vaccine Mandate. Please include any documents containing this information, specifying the details of the guidance given to Citywide Panel reviewers in evaluating and deciding on religious accommodation requests.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to Interrogatory No. 9 on the grounds that it is duplicative of prior interrogatories and document requests, including Interrogatory No. 3. Consistent with and

without waiving the foregoing objections, Defendant refers Plaintiff to its response to Interrogatory No. 3.

**INTERROGATORY NO. 10:**

Identify the financial cost of tracking Plaintiff's "weekly PCR test results", as referenced in Defendant's Initial Disclosures Doc. No. DEF 000024.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to Interrogatory No. 10 on the grounds that it assumes facts not admitted nor otherwise established, that it misrepresents what is stated in Defendant's Initial Disclosures Doc. No. DEF 000024, that it seeks information not relevant to Plaintiff's remaining claims and is disproportionate to the needs of this case and, as drafted, is incapable of reasonable response. Consistent with and without waiving the foregoing general and specific objections, Defendant states it has no information responsive to this interrogatory and that it did not calculate the "cost" of maintaining records regarding the submission by FDNY employees of their weekly negative PCR test results while their accommodation requests were under consideration or on appeal as set forth in Defendant's Initial Disclosures Doc. No. DEF 000024.

**INTERROGATORY NO. 11:**

With regard to the Plaintiff's request for a religious accommodation to the Vaccine Mandate, identify any communications the Defendant had with Plaintiff regarding (a) Plaintiff's accommodation needs, (b) potential accommodations, and/or (c) difficulties any potential accommodations may pose for the Defendant.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to Interrogatory No. 11 on the grounds that it is duplicative of prior interrogatories and document requests, including Interrogatory No. 4. Consistent with and

without waiving the foregoing objections, Defendant refers Plaintiff to its response to Interrogatory No. 4.

**INTERROGATORY NO. 12:**

Identify any FDNY employees who filed any complaints against Defendant for the failure to provide a religious accommodation to the Vaccine Mandate.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to Interrogatory No. 12 on the grounds that it is vague and ambiguous with respect to the phrase "any FDNY employees who filed any complaints," overbroad with respect to time and scope, is unduly burdensome, seeks information that is not relevant to Plaintiff's remaining claims and that is disproportionate to the needs of the case, and seeks information, which if produced, would constitute an unwarranted invasion of the personal privacy of nonparties to this action. Consistent with and without waiving the foregoing objections, Defendant is refusing to search for responsive information to this interrogatory.

**INTERROGATORY NO. 13:**

Clarify whether all reasonable accommodation requests to the Vaccine Mandate submitted by FDNY employees were managed by the FDNY's Equal Employment Opportunity ("EEO") Office. If not, identify individuals outside of the FDNY's EEO Office who were responsible for deciding reasonable accommodation requests, providing their names, job positions, titles, and specify any experience they have in deciding accommodation requests, and include details on any training or education provided to these individuals in relation to handling accommodation requests.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to Interrogatory No. 13 on the grounds that it is vague and ambiguous with respect to the words "Clarify" and "managed," it is overbroad with respect to

scope, seeks information that is not relevant to Plaintiff's remaining claim and that is disproportionate to the needs of the case, seeks information, which if produced, would constitute an unwarranted invasion of the personal privacy of nonparties to this action, and is duplicative of prior interrogatories and document requests, including Interrogatory Nos. 1, 2 and 3. Consistent with and without waiving the foregoing objections, and construing this request as seeking the identification of City employees who communicated with Plaintiff in connection with his request for a reasonable accommodation exempting him from the Vaccine Mandate on religious grounds, Defendant refers Plaintiff to Defendant's responses to Interrogatory Nos. 1, 2 and 3.

**INTERROGATORY NO. 14:**

Explain how all individuals responsible for reviewing and determining religious accommodation requests to the Vaccine Mandate were instructed to handle religious objections to COVID-19 vaccination based upon abortion, and/or aborted fetal cell lines, and identify the individuals who provided and received these instructions, including their names, positions, and titles. Additionally, specify the date, place, and manner in which these instructions were conveyed regarding handling religious objections to COVID-19 vaccination based on abortion/aborted fetal cell lines.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to Interrogatory No. 13 on the grounds that it is overbroad with respect to scope and assumes facts not admitted nor otherwise established. Consistent with and without waiving the foregoing objections, and construing this request to seek the identification of the guidelines FDNY employees were given when reviewing religious-based requests to be exempt from the Vaccine-Mandate, Defendant pursuant to FRCP 33(d), refers Plaintiff to its responses to Interrogatory No. 3.

**INTERROGATORY NO. 15:**

Identify the number of FDNY employees who worked at the Fire Department Operations Center that were granted a reasonable accommodation to the Vaccine Mandate, and include their civil service title, work location, and work status at the time the employee's accommodation was granted.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to Interrogatory No. 15 on the grounds that it is overbroad with respect to scope, seeks information, which if produced, could constitute an unwarranted waiver to the personal privacy of nonparties to this action, seeks information not relevant to Plaintiff's remaining claims and that it is disproportionate to the needs of this case, and is duplicative of prior interrogatories and document requests, including Interrogatory No. 5. Consistent with and without waiving any of the aforementioned general and specific objections and construing this request as seeking the number of FDNY firefighters who were granted religious accommodations to be exempt from the Vaccine Mandate, Defendant refers Plaintiff to its response to Interrogatory No. 5.

**INTERROGATORY NO. 16:**

Identify the accommodation granted for each FDNY employee identified in INTERROGATORY NO. 15.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to Interrogatory No. 16 on the grounds that it is overbroad with respect to scope, seeks information, which if produced, could constitute an unwarranted invasion of the personal privacy of nonparties to this action and is duplicative of prior interrogatories and document requests, including Interrogatory Nos. 5 and 15. Consistent with and without waiving any of the aforementioned general and specific objections and construing this request as seeking

the number of FDNY firefighters who were granted religious accommodations to be exempt from the Vaccine Mandate, Defendant refers Plaintiff to its response to Interrogatory No. 5.

**INTERROGATORY NO. 17:**

Identify any training or education provided to Defendant's employees who were responsible for deciding, evaluating, or reviewing accommodation requests to the Vaccine Mandate.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to Interrogatory No. 17 on the grounds that it is duplicative of prior interrogatories and document requests, including Interrogatory Nos. 3 and 9. Consistent with and without waiving any of the aforementioned general and specific objections and construing this request as seeking the identification of guidelines given to FDNY employees who were responsible for reviewing religious accommodation requests by FDNY firefighters to the Vaccine Mandate, pursuant to FRCP 33(d), Defendant refers Plaintiff to its response to Interrogatory No. 3.

**INTERROGATORY NO. 18:**

Identify all communications that the FDNY had with any members of the Citywide Panel about undue hardship.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to Interrogatory No. 18 on the grounds that it is vague and ambiguous with respect to the phrases "all communications" and "undue hardship," assumes fact not admitted, that it is overly broad, seeks information that may not be relevant to Plaintiff's remaining claims and that is disproportionate to the needs of this case, and seeks information or documents, which if produced, may be protected by privilege, including, but not limited to the attorney-client, work-product, or deliberative process privilege, or which constitute materials prepared for litigation purposes and on the ground that it is duplicative of prior interrogatories and

document requests, including Interrogatory Nos. 1-4, 13, and 15. Consistent with and without waiving any of the aforementioned general and specific objections, and construing this to be seeking the identification of City employees who communicated with Plaintiff in connection with his request for a reasonable accommodation exempting him from the Vaccine Mandate on religious grounds, pursuant to FRCP 33(d), Defendant refers Plaintiff to its responses to Interrogatory Nos. 1-4, 13, and 15.

**INTERROGATORY NO. 19:**

Identify all documents submitted from the FDNY to the Citywide Panel regarding undue hardship.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 19:**

Defendant objects to Interrogatory No. 19 on the grounds that it is vague and ambiguous with respect to the phrases "all documents" and "undue hardship", seeks information or documents, which if produced, may be protected by privilege, including, but not limited to the attorney-client, work-product, or deliberative process privilege, or which constitute materials prepared for litigation purposes, and is duplicative of prior interrogatories and document requests, including Interrogatory No. 18. Consistent with and without waiving any of the aforementioned general and specific objections, Defendant refers Plaintiff to its responses to Interrogatory No. 18.

**INTERROGATORY NO. 20:**

Identify the individuals responsible for deciding not to reinstate Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 20:**

Defendant objects to Interrogatory No. 20 on the grounds that it is vague and ambiguous with respect to the phrases "responsible" and "deciding" and seeks information not relevant to Plaintiff' current remaining claim in this action. Consistent with and without waiving any of the aforementioned general and specific objections, and construing this request as seeking

to identify the individual who decided or effectively recommended that Plaintiff could not be reinstated as a full duty firefighter, defendant identifies FDNY Chief of Staff Luis M. Martinez.

**INTERROGATORY NO. 21:**

Identify the number of FDNY employees who were reinstated after being placed on leave without pay or being terminated due to the Vaccine Mandate and include each employee's civil service title and work location.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 21:**

Defendant objects to Interrogatory No. 21 on the grounds that it is overbroad with respect to scope and seeks information, which if produced, could constitute an unwarranted waiver to the personal privacy of nonparties to this action and seeks information not relevant to Plaintiff' current remaining claim in this action. Consistent with and without waiving any of the aforementioned general and specific objections, and construing this request to be seeking the number of FDNY firefighters who applied for reinstatement pursuant to Mayor's Emergency Executive Order No. 331 dated February 9, 2023, and who were found to be fit to return to work as a full duty firefighter, Defendant states 6.

Dated:      New York, New York
               June 24, 2024

                                            **MURIEL GOODE-TRUFANT**
                                            Acting Corporation Counsel of the
                                              City of New York
                                            Attorney for Defendant
                                            100 Church Street, Room 2-171
                                            New York, New York 10007
                                            (212) 356-2451
                                            trkrasne@law.nyc.gov

                                     By:    /S/_____
                                                    Traci Krasne
                                                    Assistant Corporation Counsel

TO:     CHRISTINA MARTINEZ, ESQ. (By E-mail)
          Attorney for Plaintiff
          ChristinaMartinezEsq@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAVIER VASQUEZ,

                              Plaintiff,

-against-

CITY OF NEW YORK,

                              Defendant.
------------------------------------------------------------------------ x

**VERIFICATION**

22-CV-05069 (HG) (VMS)

The undersigned declares that the following is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746, states that she is an attorney employed as an Assistant Counsel for the New York City Fire Department ("FDNY"), that she has read the foregoing responses to Plaintiff's First Set of Interrogatories and that she believes them to be true based on the information known to her and provided to her by former and current employees and/or agents of FDNY, and/or FDNY's business records and files.

                                                                       _/s/ Clineesa Wilds_
                                                                      **CLINEESA D. WILDS**

Docket No. 22-CV-05069 (HG) (VMS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAVIER VASQUEZ,

              Plaintiff,

      -against-

CITY OF NEW YORK,

              Defendant.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

***MURIEL GOODE-TRUFANT***

*Acting Corporation Counsel of the City of New York*
 *Attorney for Defendant*
 *100 Church Street, Room 2-171*
 *New York, N.Y. 10007*

 *Of Counsel: Traci Krasne*
 *Tel: (212) 356-2451*
 *Matter No.: 2022-069239*

*Due and timely service is hereby admitted.*

*New York, N.Y. ……………………………… ……202*

*…………………………………………………………………*

*Attorney for …………………………………………………*