```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  ANITA HERNANDEZ,                                          :
                                                            :
                                Plaintiff,                  :
                                                            :   MEMORANDUM DECISION AND
               -against-                                    :   ORDER
                                                            :
  THE OFFICE OF THE RICHMOND                                :   24-cv-5790 (BMC)
  COUNTY DISTRICT ATTORNEY,                                 :
  MICHAEL MCMAHON, and CITY OF NEW                          :
  YORK,                                                     :
                                                            :
                                Defendants.                 :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on plaintiff's motion for partial reconsideration of this Court's discovery order, specifically its denial of plaintiff's request for discovery as to other District Attorneys' offices.

## BACKGROUND

This is a religious free exercise and failure to accommodate case arising out of plaintiff's refusal to receive the COVID-19 vaccine and her resulting termination from the Richmond County District Attorney's Office ("RCDA"). In the course of discovery, the parties submitted a motion to compel containing three separate discovery disputes. As relevant here, plaintiff moved to compel the production of religious accommodations granted by other District Attorneys' offices in New York City. The Court denied this request, stating that

> the burden placed on other District Attorneys' offices in granting accommodations to the vaccine mandate is irrelevant to the burden placed on the RCDA, and so plaintiffs' request for discovery as to other District Attorneys' offices is denied. Such discovery will also not shed any light on the standards the RCDA applied in evaluating plaintiff's religious accommodation request. Looking at the practices of each District Attorney's office, which have different needs and resources, would create mini-trials of dubious relevance.

Plaintiff identifies three bases for reconsideration of this decision: (1) the Court overlooked that defendants' undue hardship defense is premised on safety, making comparator evidence relevant; (2) the Court ignored that hardship must be evaluated within the context of feasibility; and (3) the Court's concerns about "mini-trials" are unfounded.

On her first argument, plaintiff asserts that, because the reasonableness of an accommodation must be analyzed within the context of an employer's industry and location, she is entitled to information about accommodations granted to the vaccine mandate in other New York City District Attorney's offices. She argues that "[i]f the Manhattan, Bronx, Queens, and Brooklyn DA's Offices all determined that accommodating employees with weekly PCR testing did not pose an undue hardship, then the Richmond County DA's claim that it was uniquely unable to do so lacks credibility." Next, plaintiff makes her case for reconsideration based on the fact that all of the District Attorneys' offices in New York City operate under the same legal authority, were subject to the same vaccine mandate and review process, are in the same industry, and have the same job duties and union. In support of plaintiff's argument that the Court's concerns about mini-trials are unfounded, plaintiff states that she "is not requesting individualized testimony from every other DA's Office but rather statistical data and information already maintained by the City." Plaintiff also avers that the RCDA's undue hardship defense is an "attempt[ ] to rewrite history" and a "fabricat[ion] . . . to justify a discriminatory decision," so "[a]llowing the City to rely on this post-hoc excuse while simultaneously blocking Plaintiff from obtaining discovery to disprove it would be extremely prejudicial and fundamentally unfair."

## LEGAL STANDARD

To succeed on a motion for reconsideration, the moving party must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "A motion for reconsideration should be granted only when the [moving party] identifies [1] an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and quotation omitted). "[A]dvancing a new or expanded argument does not warrant reconsideration . . . inasmuch as a motion for reconsideration is not a vehicle to offer additional support for an argument rejected previously by the Court." Walker v. City of New York, No. 12-cv-840, 2012 WL 6563044, at *3 (E.D.N.Y. Dec. 17, 2012) (internal quotation marks and quotations omitted).

## DISCUSSION

This Court did not overlook the fact that defendants' undue hardship defense is premised on safety. Rather, given the fact that, as the Court stated in its decision, "each District Attorney's office [has] different needs and resources," the Court concluded that any such safety risk analysis was office specific. Although plaintiff correctly notes that "[t]he risk of COVID-19 transmission is not unique to Richmond County, and the feasibility of weekly testing as a safe accommodation [was] established as a City-wide policy," that does not change the fact that the burden on RCDA in granting accommodations to the vaccine mandate was inherently different from other District Attorney's offices based on their different needs and resources. By this same logic, even if RCDA's undue hardship defense *is* an "attempt[ ] to rewrite history" and a "fabricat[ion] . . . to justify a discriminatory decision," evidence of accommodations granted in other District Attorneys' offices will not bolster plaintiff's argument given the different needs and resources among the offices. In other words, plaintiff is simply not correct when she posits

3

that "[i]f the Manhattan, Bronx, Queens, and Brooklyn DA's Offices all determined that accommodating employees with weekly PCR testing did not pose an undue hardship, then the Richmond County DA's claim that it was uniquely unable to do so lacks credibility."

Plaintiff's reliance on Borkowski v. Valley Central School District, 63 F.3d 131 (2d Cir. 1995), does not change this analysis. First, plaintiff's discussion of this case, completely absent from her original motion to compel, consists of "a new or expanded argument" that "does not warrant reconsideration" because "a motion for reconsideration is not a vehicle to offer additional support for an argument rejected previously by the Court." Walker, 2012 WL 6563044, at *3 (internal quotation marks and quotations omitted). Second, Borkowski does not change this Court's analysis that, because RCDA's resources and needs in providing accommodations to employees are so different from other District Attorney's offices, "the burden placed on other District Attorneys' offices in granting accommodations to the vaccine mandate is irrelevant to the burden placed on the RCDA." Although to meet its burden of persuasion, an employer "must analyze the hardship sought to be imposed through the lens of . . . the industry to which the employer belongs as well as the individual characteristics of the particular defendant-employee," Borkowski, 63 F.3d at 139, that does not require a presentation of accommodations granted by other offices with resources and needs that do not comport with, or provide any insight into, RCDA's. See Fed. R. Civ. P. 26(b)(1) (The scope of discovery is limited to matter that is "proportional to the needs of the case.").

Furthermore, this Court did not ignore the fact that hardship must be evaluated in the context of feasibility. The similarities between District Attorneys' offices that plaintiff points to in support of this argument were already known to the Court and considered in its prior decision, and they do not change the Court's conclusion that the burden placed on other District

4

Attorneys' offices in granting accommodations to the vaccine mandate is irrelevant to the burden placed on the RCDA.

Finally, plaintiff misunderstands this Court's concern that permitting the requested discovery "would create mini-trials of dubious relevance." This Court was aware from plaintiff's original motion to compel that she was seeking only aggregate data, not individualized testimony from other District Attorneys' offices. With this understanding, the Court concluded then, and concludes again, that focusing on accommodations granted to the vaccine mandate by other District Attorneys' offices would be a distraction from, and irrelevant to, the present case.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       March 19, 2025